UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**RAYMOND VILORIA, ET AL**                                                     **CIVIL ACTION**

**VERSUS**                                                                               **NO. 07-5737**

**ALLSTATE INSURANCE COMPANY**                                    **SECTION: "C" (1)**

ORDER AND REASONS

This matter comes before the Court on the issue of its subject matter jurisdiction in this removed action. Having considered the record, the memoranda and the law, the Court has determined that it lacks jurisdiction for the following reasons.

The plaintiffs filed suit in state court for damages caused by Hurricane Katrina and allegedly due under their homeowner's policy. The defendant removed based on diversity of parties. This Court ordered the parties to submit memoranda regarding whether there was at least $75,000 in controversy on the date of removal and the amount of money, if any, that the plaintiff received under her flood insurance policy for damage to the same property. Rec. Doc. 3. In their petition, the plaintiffs demand the remaining policy limits, claiming that their home was rendered a total loss (Petition ¶ 6), invoking Louisiana's Valued Policy Law, La. Rev. Stat. §22:695 ("VPL"). In its memorandum on the jurisdictional amount, the defendant acknowledges

1

that the policy limits are $133,200 for the dwelling, for other structures, for contents, and additional living expenses of up to twelve months, for VPL policy purposes.  *See*  Rec. Doc. 5. Allstate indicates that while it has tendered some payments to plaintiffs, more than $75,000 remains under the policy limits.  In their petition, the plaintiffs "specifically allege that the damages alleged herein do not exceed $75,000, exclusive of interest and costs."  Petition ¶ 17. Plaintiffs state in their memorandum that they have received $50,000 from their flood insurer relating to the structure, and $15,000 from their flood insurer relating to personal property.  Rec. Doc. 10.

The parties may neither consent to nor waive federal subject matter jurisdiction.  *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848 (5th Cir. 1999).  Bare assertions by the removing party are insufficient to invest a federal court with jurisdiction.  *Asociacion Nacional De Pescadores A Pequena Escala O Artesanales De Colombis (ANPAC) v. Dow Quimica De Colombia, S.A.*, 988 F.2d 559 (5th Cir. 1993), *cert. denied*, 114 S.Ct. 685 (1994).  Instead, the Fifth Circuit advises the district courts that they should review their subject matter jurisdiction in cases such as this. *Id.*; *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295 (5th Cir. 1999).  In order to remain in federal court, the removing parties must prove by a preponderance of the evidence that the jurisdictional minimum exists. *Id.*  This showing may be made by either: (1) demonstrating that it is facially apparent that the claims are likely above the jurisdictional minimum; or (2) setting forth the facts in controversy that support a finding of the jurisdictional minimum.  *Id.*  It is the recognized burden of the party invoking jurisdiction "both to allege with sufficient particularity the facts creating jurisdiction, in view of the nature of the right asserted, and, if appropriately challenged,

or if inquiry be made by the court of its own motion, to support the allegation."  *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 287, fn. 10 (1938), *citing McNutt v. General Motors Corp.*, 298 U.S. 178, 182-189 (1936); *Diefenthal v. Civil Aeronautics Board*, 681 F.2d 1039 (5th Cir. 1982), *cert. denied*, 459 U.S. 1107 (1983).  The jurisdictional facts supporting removal are examined as of the time of removal.  *See Gebbia v. Wal-Mart Stores, Inc.* 233 F.3d 880, 883 (5th Cir. 2000).

      This Court has ruled that flood insurance recovery must be offset against any homeowners recovery under the VPL for present purposes.  *Glaser v. State Farm Fire & Casualty Co.*, 2007 WL 1228794 (E.D.La.).[1]  The amount remaining under the homeowner's policy, assuming it represents an accurate value of the insured property and that the property was a total loss, is less than the minimum amount in controversy required for diversity jurisdiction at the time of removal.[2]  Though the parties do not enumerate the payments that have already been

---

[1] In finding that the flood payment offset must be taken into account in determining whether the jurisdictional amount existed at the time of removal, this Court joins Judges Vance and Judge Zainey in recognizing the necessity of offset to avoid double recovery and to promote the policy behind the Valued Policy Law.  *Esposito v. Allstate Insurance Co.*, Civ. Act. No. 06-1837 "A" (Ap. 13, 2007);  *Weiss v. Allstate Insurance Co.*, 3007 WL 892869;  *Caruso v. Allstate Insurance Co.*, 2007 WL 625830 (E.D.La.);  *Chauvin v. State Farm Fire & Casualty Co.*, 450 F.Supp.2d 660 (E.D.La. 2006).

[2] Here, if the total of the policy is considered offset by all payments made under the flood policy, the amount remaining under the policy is approximately $68,200, not counting whatever amount has already been tendered under the homeowner's policy.  If the payments under the flood policy are separated into payments for dwelling and contents, and then offset against the limits remaining under the homeowner's policy for each, $31,400 remains for the dwelling and other structures, and approximately $36,800 remains for contents - also equaling $68,200.  See Notice of Removal, at 10 (enumerating the policy limits for each of dwelling, other structures, and personal property).  The defendant points to nothing to suggest that additional living expenses would amount to the difference of those figures and $75,000.

tendered under the homeowner's policy, such an amount would only further reduce the amount in controversy for jurisdictional purposes.  Though the defendant notes that the plaintiffs have also made claims for penalties and attorneys' fees under various Louisiana statutes, it must do more than point to the possibility of penalties and fees and must present facts indicating the propriety or likelihood of such penalties should the plaintiffs prevail.  *See Thompson v. Allstate Insurance Company*, 2007 WL 763219 (E.D.La.); *De Aguilar v. Boeing Co.*, 47 F.3d 1414, 1410 n.8, 1412 (5th Cir. 1995).  The amount the plaintiffs might recover is entirely speculative in this case, and the defendant points to nothing that would suggest otherwise.

The Court finds that the allegations of the petition alone do not support a finding that it is facially apparent that the claims are likely above the jurisdictional minimum because the remaining coverage is necessarily affected by any flood insurance payments.   The Court finds that the defendant has failed to meet its burden of proof under these circumstances.

The Court is mindful that removal jurisdiction is strictly construed.  *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941); *Brown v. Demco, Inc.*, 792 F.2d 478 (5th Cir. 1986); *Butler v. Polk*, 592 F.2d 1293 (5th Cir. 1979); C. Wright, A. Miller & E. Cooper, 14B *Federal Practice & Procedure: Civil*, §3721.  When subject matter jurisdiction is doubtful, remand is appropriate.  C. Wright, A. Miller & E. Cooper, 14C *Federal Practice & Procedure: Civil*, §3739.

Accordingly,

IT IS ORDERED that this matter be and hereby is **REMANDED** to the 34th Judicial District Court for the Parish of St. Bernard, State of Louisiana, for lack of jurisdiction under 28

U.S.C. § 1447(c).

    New Orleans, Louisiana, this 27th day of December, 2007.

                                               HELEN G. BERRIGAN
                                               UNITED STATES DISTRICT JUDGE